

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00119-CR
_____

BENJAMIN RAMER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-20-27280

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

To the State's second motion to adjudicate guilt,[1] Benjamin Ramer pled true to the State's allegation; and, after hearing additional evidence, the trial court adjudicated Ramer's guilt and sentenced him to two years' confinement in state jail, with his sentence to run concurrently with the sentences he received in two other convictions adjudicated in the same proceeding. Ramer appeals the judgment adjudicating his guilt.

Ramer's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Providing a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, counsel has met the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Ramer's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Ramer with a copy of the brief and the motion to withdraw. His counsel also informed Ramer of his rights to review the record and file a pro se response and provided Ramer with a pro se motion for access to the appellate record. By letter dated January 4, 2022, we notified Ramer that his pro se brief was due on February 3, 2022. By letter dated February

---

[1]Pursuant to a plea agreement, Benjamin Ramer had pled guilty to possession of less than one gram of a controlled substance. A finding on his guilt was deferred, and he was placed on five years' community supervision. Several months later, the State filed its first motion to adjudicate his guilt, and the trial court modified the terms of Ramer's community supervision.

24, 2022, we notified Ramer that the case would be submitted on briefs on March 17, 2022. We did not receive a brief from Ramer.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the judgment of the trial court.[2]

Josh R. Morriss III
Chief Justice

Date Submitted:     March 17, 2022
Date Decided:       April 5, 2022

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.